JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>REAL PROPERTY LOCATED IN<br>BRADBURY, CALIFORNIA,<br><br>    Defendant.<br><br>TAT CHAN,<br><br>    Titleholder. | NO. CV 17-3901 MWF (RAOx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

1

Plaintiff and potential claimants Tat Chan, Bofi Federal Bank, and Bear Valley Shopping Center 26, LLC ("potential claimants") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Potential claimants Tat Chan, Bofi Federal Bank, and Bear Valley Shopping Center 26, LLC claim an interest in the defendant property, but have not filed claims in this case or answered the complaint. However, Tat Chan, Bofi Federal Bank, and Bear Valley Shopping Center 26, LLC would have filed claims and answers in this case absent this agreement. No other statements of interest or answers have been filed, and the time for filing such statements of interest and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant property. Any potential claimants to the defendant property other than Tat Chan, Bofi Federal Bank, and Bear Valley Shopping Center 26, LLC are deemed to have admitted the allegations of the complaint with respect to the defendant property.

1.      2. The United States of America shall have judgment as to the defendant property, and, other than those

interests recognized herein, no other person or entity shall have any right, title or interest therein. The legal description of the defendant property, which property has Assessor Parcel Number 8527-006-028 and is more fully described as follows:

Parcel 1:

That portion of Section 19, Township 1 North, Range 10 West of the subdivision of the Rancho Azusa de Duarte, as shown on the Map filed in Book 52, Page 22, of Record of Surveys, in the Office of the County Recorder of Said County, described as follows:

    A.    Beginning at the Northeast corner of Parcel No. 3, as per Map filed in Book 52, Page 22, of the Record of Surveys; thence along the Northerly boundary of said Parcel No. 3, North 79 degrees 50' 28" west 805.97 feet, thence along the Westerly boundary of said parcel, South 26 degrees 50' West 377.53 feet; thence South 83 degrees 02' 34" East 970.94 feet to the Easterly boundary of said Parcel No. 3; thence along said Easterly boundary North 0 degrees 00' 29" West 312.34 feet to the point of beginning.

    B.    Beginning at the Northwest corner of Parcel No. 3, as per Map filed in Book 52, Page 22, of Record of Surveys; thence North 79 degrees 48' West 192.12 feet; thence South 15 degrees 39' 47" West 103.83 feet; thence South 10 degrees 20' 39" West 43.68 feet; thence Southwest on a curve, concave to the Northwest and having a radius of 820 feet, to a point South 26 degrees 50' West 337.53 feet and North 83 degrees 02' 34" West 119.47 feet from the said Northwest corner of Parcel No. 3; thence South 83 degrees 02' 34" East 119.47 feet, to the Westerly boundary of said Parcel No. 3; thence North 26 degrees 50' East 377.53 feet to the point of beginning.

    C.    Beginning at the Southwest corner of Parcel No. 4 as per Map filed in Book 52, Page 22 of Record of Surveys; thence along the Westerly boundary of said Parcel No. 4, North 7 degrees 56' 53" East 210.27 feet; thence South 75 degrees 25' 37" East 421.43 feet; thence South 54 degrees 44' 43" East 420.92 feet to the North line of Parcel No. 3 of said Map; thence North 79 degrees 50' 28" West 794.12 feet to the point of beginning.

Except therefrom that portion of Section 19, Township 1 North, Range 10 West of the subdivision of

the Rancho Azusa de Duarte, as shown on the Map filed in Book 52, Page 22, of Record of Surveys, in the Office of the County Recorder of said County, described as Parcel 3 in Deeds recorded December 23, 2011 as Instrument Number 11-01748437 through 11-01748440.

As shown in Certificate of Compliance lot line adjustment 10-14 recorded December 23, 2011 as Instrument No. 11-01748436.

Parcel 2:

A. An easement for road and public utility purposes, for use in common with others, over, along, and under a strip of land 30 feet wide, the center line of which is described as follows:

Beginning at the Southwesterly corner of Parcel 1:A above, thence South 26 degrees 50' West 40.00 feet to the beginning of a tangent curve concave Westerly having a radius of 535.00 feet; thence South-Westerly along said curve 295.69 feet to the beginning of a reverse curve concave Southeasterly having a radius of 530.00 feet; thence Southwesterly along said curve 383.89 feet to the end of said curve; thence along a tangent to said curve South 17 degrees 00' 00" West 43.69 feet to a point in the line common to Sections 19 and 30, Township 1 North, Range 10 West, which point is south 89 degrees 27' 15" West, 86.50 feet from the Northwest corner of Lot 2 of said Section 30.

B. An easement for road and public utility purposes, for use in common with others, over, along, and under a strip of land 30 feet wide, lying on the North side of the following described line:

Beginning at a point in the line common to Sections 19 and 30, Township 1 North, Range 10 West, which point is South 89 degrees 27' 15" West 86.50 feet from the Northeast corner of Lot 3 of said Section 30; thence Westerly along the Northerly line of said Lot 3 at a distance of 420.52 feet, more or less, to the existing MacAdam Road known as "Deodar Lane."

C. An easement for roadway and public utility purposes to be used in common with others over that portion of Section 19, in Township 1 North, Range 10 West, in the Rancho Azusa de Duarte, in the County of Los Angeles, State of California, as per Map recorded in Book 6, Pages 80, 81 and 82 of Miscellaneous Records in the Office of the County Recorder of said

4

County, lying within a strip of land 50 feet wide, being 20 feet on the Northerly side and 30 feet on the Southerly side of the line shown as "Center line of 100 foot easement for road purposes" on the Record of Survey filed in Book 52, Page 22 of Record of Surveys in the Office of the County Recorder of said County.

D. An easement for road and underground utility purposes to be used in common with others, over the portions of Lots 4 and 5 in Section 24 and of Lot 2 in Section 25, in Township 1 North, Range 11 West, San Bernardino Meridian, of the subdivision of the Rancho Azusa de Duarte, partly in the City of Monrovia, and partly in the County of Los Angeles, State of California, as per Map recorded in Book 6, Pages 80 to 82, inclusive, of Miscellaneous Records in the Office of the County Recorder of said County, included within a strip of land 30 feet wide, extending in a general Northeasterly direction from the Northeasterly line of Wild Rose Avenue, as shown on the Map of Tract 12557, recorded in Book 309, Pages 48 and 49 of Maps in the Office of the County Recorder of said County, to the Easterly line of said Lot 5, and lying 15 feet on each side of the following described center line:

Beginning at a point in said North-Easterly line of Wild Rose Avenue, distant southeasterly along that certain curve concave to the Northeast and having a radius of 267.90 feet in said North-Easterly line, 73.02 feet from the Northwesterly terminus of said curve, a radial line to said curve through said point so located having a bearing of South 53 degrees 15' 21" West; thence North 37 degrees 54' 50" East 68.61 feet to the Beginning of a tangent curve concave to the Southeast and having a radius of 200 feet; thence along said curve North-Easterly 61.89 feet; thence tangent to said curve North 55 degrees 38' 40" East 62.81 feet to the beginning of a tangent curve concave to the Northwest and having a radius of 240 feet; thence along said curve Northeasterly 117.29 feet; thence tangent to said curve North 27 degrees 38' 40" East 21.82 feet to the beginning of a tangent curve concave to the West and having a radius of 140 feet; thence along said curve Northerly 96.71 feet; thence tangent to said curve, North 11 degrees 56' 10" West 83.92 feet to the beginning of a tangent curve concave to the East and having a radius of 260 feet; thence along said curve Northerly 105.88 feet; thence tangent to said curve North 11 degrees 23' 50" East 28.82 feet to the beginning of a tangent curve concave to the Southeast and having a radius of 80 feet, said last mentioned curve also being tangent to a line extending North 89 degrees 08' 50" from the Intersection of the

center line of Foothill Boulevard, formerly White Oak
Avenue, with the center line of Mountain Avenue,
formerly Canon Drive, as said Intersection is shown on
the Map of the Oak Park Tract, recorded in Book 11,
Page 106 of Maps in the Office of said County
Recorder; thence Northeasterly along said line, North
89 degrees 08' 50" East 945 feet, more or less, to the
beginning of a tangent curve concave to the Northwest,
having a radius of 330 feet, said last mentioned curve
also being tangent to the Southwesterly prolongation
of a course in the center line of the 30 foot easement
for road and utilities described as Parcel 11 in Deed
from Bissell to Hopper, recorded in Book 24125, Page
162 of Official Records in said office, said course
being described in said Deed as having a bearing of
North 44 degrees 25' 37" East and having a length of
32.46 feet; thence along said curve Northeasterly
257.57 feet to said Southwesterly prolongation; thence
along said prolongation and said course of said center
line and along the Northeasterly prolongation of said
course of said center line, North 44 degrees 25' 37"
East to the Easterly line of said Lot 5, the terminal
courses at the Southwesterly and Northeasterly ends of
the side lines of said strip being prolonged or
shortened to terminate in said Northeasterly line of
Wild Rose Avenue and in said Easterly line of Lot 5,
respectively.

3. The United States is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice to any occupants of the defendant property without further order of the Court. The United States shall thereafter sell the property as expeditiously as possible. The proceeds of the sale shall be distributed in the following priority, to the extent proceeds are available:

        a.   To the United States for its costs and expenses
             of the sale;

        b.   To the Los Angeles County Assessor and Tax
             Collector of all unpaid real property taxes

assessed against the defendant property to the date of entry of the Judgment of Forfeiture;

c. To Bofi Federal Bank as follows:

   i. All unpaid principal and interest due under the Note which is secured by the Deed of Trust recorded as Instrument No. 20121127671 against the defendant property identifying Hana Financial as beneficiary (which interest was thereafter transferred to Bofi Federal Bank), as of the date of the closing with respect to Plaintiff's sale of the defendant property; and

   ii. All other fees, costs and advances as provided under the terms of the Note and Deed of Trust, as of the date of the closing with respect to Plaintiff's sale of the defendant property. These fees, costs and advances include, but are not limited to, fees, advances or costs for property taxes, insurance (including for hazard insurance), reasonable attorney fees and costs and fees and costs incurred in protecting Bofi Federal Bank's security interest;

d. To Bear Valley Shopping Center as follows:

   i. All unpaid principal and interest due under the Note which is secured by that certain

         Deed of Trust recorded on July 22, 2016 as Instrument No. 20160862566, assigned to Bear Valley Shopping Center 26, LLC as successor beneficiary per Assignment recorded on July 22, 2016 as Instrument No. 20160862567, as of the date of the closing with respect to Plaintiff's sale of the defendant property; and

    ii. All other fees, costs and advances as provided under the terms of the Note and Assignment of Deed of Trust, as of the date of the closing with respect Plaintiff's sale of the defendant property. These fees, costs and advances include, but are not limited to, fees, advances or costs for property taxes, insurance (including for hazard insurance), reasonable attorney fees and costs and fees and costs incurred in protecting Bear Valley Shopping Center's security interest; and

  e. The balance shall be paid and forfeited to the United States of America, and such funds shall be disposed of according to law.

 4. Except for any obligations create herein, potential claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation, from any and all

claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of potential claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.  Potential claimants have also waived any rights they may have to seek remission or mitigation of the forfeiture.  Nothing in this Consent Judgment is intended as, nor should anything in this Consent Judgment be interpreted as an admission by potential claimants of any liability or wrongdoing.

//

5. The court finds that there was reasonable cause for the institution of these proceedings pursuant to 28 U.S.C. § 2465. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

DATED: September 29, 2017

*(signature)*

THE HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Prepared by:

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section